# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| LATOYA JACK | *CIVIL ACTION NO. 08-cv-1711 |
| VS. | *JUDGE MELANCON |
| COMMISSIONER OF SOCIAL SECURITY | *MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

This matter is before the undersigned for Report and Recommendation. Based on the following reasons, I recommend that his case be **DISMISSED WITHOUT PREJUDICE**.

The record reflects that a Summons was issued in this case on November 20, 2008, to the defendant in this matter. By Minute Entry dated September 8, 2009, the undersigned ordered that plaintiff file a return of service on the Summons, if served, by September 9, 2009. [rec. doc. 5]. The undersigned further ordered "if the Summons has not been served, plaintiff shall appear before the undersigned on Wednesday, September 23, 2009, at 11:00 a.m. to show cause why this case should not be dismissed for failure to prosecute." To date, no return of service has been filed in the record.

On September 23, 2009, the undersigned held a Show Cause hearing regarding plaintiff's failure to file a return of service on the Summons. Plaintiff's counsel, Jo Ann Nixon, neither appeared for the hearing set for September 23, 2009, nor did she contact the undersigned's office or the Clerk of Court's office prior to the hearing.

Rule 16(f) of the Federal Rules of Civil Procedure provides as follows:

(1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
(A) fails to appear at a scheduling or other pretrial conference;
(B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or
(C) fails to obey a scheduling or other pretrial order.

Rule 37(b)(2)(A) authorizes the following sanctions for failing to obey a court order:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) *dismissing the action or proceeding in whole or in part*;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

(emphasis added).

Here, plaintiff's counsel disobeyed two consecutive orders of this Court: (1) to file a return of service on the Summons, and (2) to appear in Court for the show cause hearing. Counsel has neither contacted the court by telephone nor in writing to explain her lack of diligence in prosecuting this case. The undersigned notes that counsel has a history of failing to prosecute in this Court, particularly in social security matters. *See Menard v. Barnhart*, Docket No. 03-2160 [rec. doc. 14]. Such conduct is unacceptable to the Court. The undersigned is extremely reluctant to take this action, but counsel has left the undersigned no other choice.

Accordingly, the undersigned recommends that this case be **DISMISSED WITHOUT PREJUDICE**.

The undersigned will address the issue of sanctions and further discipline by separate ruling.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.** *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, **79 F.3D 1415 (5TH CIR. 1996).**

Signed this 23rd day of September, 2009, at Lafayette, Louisiana.

                                                                                          *C. Michael Hill*
                                                                                          C. MICHAEL HILL
                                                                                          UNITED STATES MAGISTRATE JUDGE