**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| **LATOYA JACK** | **\*CIVIL ACTION NO. 08-cv-1711** |
| **VS.** | **\*JUDGE MELANCON** |
| **COMMISSIONER OF** | **\*MAGISTRATE JUDGE HILL** |
| **SOCIAL SECURITY** | |

## REPORT AND RECOMMENDATION
## REGARDING SANCTIONS OF COUNSEL

This Social Security Appeal was referred to the undersigned for report and

recommendation pursuant to the normal practice and standing orders of this Court. On

September 23, 2009, the undersigned recommended that the Complaint be dismissed

without prejudice for failure to prosecute after Jo Ann Nixon, counsel for the plaintiff,

failed to appear at a show cause hearing [rec. doc. 7].

Based on the following, I recommend that sanctions be imposed against plaintiff's

counsel, Jo Ann Nixon, for this failure.

### *Background*

The record reflects that a Summons was issued in this case on November 20, 2008,

to the defendant. By Minute Entry dated September 8, 2009, the undersigned ordered that

plaintiff file a return of service of the Summons, if served, by September 9, 2009. [rec.

doc. 5]. The undersigned further ordered "if the Summons has not been served, plaintiff

shall appear before the undersigned on Wednesday, September 23, 2009, at 11:00 a.m. to show cause why this case should not be dismissed for failure to prosecute."

No return of service was ever filed in the record. Plaintiff's counsel, Jo Ann Nixon, neither appeared for the hearing set for September 23, 2009, nor did she contact the undersigned's office, nor did she contact the Clerk of Court's office prior to the hearing. [rec. doc. 6]. Accordingly, on September 23, 2009, the undersigned issued a report and recommendation recommending that this case be dismissed without prejudice. [rec. doc. 7]. I further indicated that I would address the issue of sanctions and potential further discipline by separate ruling. This report and recommendation follows.

### *Discussion*

On numerous occasions, the undersigned and Magistrate Judge Methvin of this district have had to issue orders to show cause for Ms. Nixon's failure to comply with the rules and deadlines of this court. These orders include the following:

In *Thibeaux v. Social Security Administration*, Docket No. 6:08-cv-00470, the undersigned issued an Order on May 15, 2008, to show cause why the Complaint, Civil Cover Sheet, Affidavit and Motion filed by Laura Thibeaux on April 4, 2008 should not be stricken. [rec. doc. 6]. The undersigned set a Show Cause Hearing for June 2, 2008, then reset it for June 19, 2008. The Order indicated that if the deficiency was cured before the hearing date, then the hearing would be automatically canceled. On June 16, 2008, plaintiff corrected the deficiencies. [rec. docs. 8, 9].

2

In *Bonin v. Social Security Administration*, Docket No. 6:08-cv-00941, the Clerk of Court issued a Notice of Deficiency on July 2, 2008 to Jo Ann Nixon on behalf of her client regarding two Motions for Leave to Proceed *In Forma Pauperis*. [rec. doc. 3]. On August 18, 2008, the undersigned issued an Order striking the Motion for Leave to Proceed *in forma pauperis*. [rec. doc. 4].

Then, on September 8, 2008, The Clerk of Court issued a Notice of Deficiency to Jo Ann Nixon on behalf of plaintiff regarding her Complaint, because the filing fee had not been paid. [rec. doc. 5]. By Order dated October 9, 2008, the undersigned struck the Complaint as deficient. [rec. doc. 6]. Therefore, the case was terminated.

In *Watson v. Social Security Administration*, Docket No. 6:08-cv-00950, the Clerk of Court issued a Notice of Intent to dismiss on November 12, 2008, for Failure to effect service within 120 days. [rec. doc. 7]. This notice gives the party 10 calendar days to correct or file appropriate pleading. However, Ms. Nixon did not file the return of the Summons until almost a month later on December 4, 2008. [rec. doc. 7]. In that same case, the Clerk of Court issued a Notice of Deficiency on July 9, 2009, for Ms. Nixon's failure to attach a certificate of service to her brief. [rec. doc. 11]. Ms. Nixon made the correction on July 12, 2009. [rec. doc. 12].

In *Dennis Gabriel v. Social Security Administration*, Docket No.09-cv-00207, Ms. Nixon's appellant brief was due December 5, 2008. On September 8, 2009, the undersigned ordered the brief filed by September 16, 2009. [rec. doc. 7]. The Order further stated that Ms. Nixon's failure to file by the deadline would be considered a

withdrawal of plaintiff's appeal, and it would be recommended that the matter be dismissed.  Nine months after the initial deadline, plaintiff filed her brief on September 16, 2009.

In *Dennis Gabriel v. Social Security Administration*, Docket No.6:09-cv-00230, the Clerk of Court issued a Notice of Intent to dismiss on June 29, 2009 for Ms. Nixon's Failure to effect service within 120 days. [rec. doc. 6].  No action has been taken since that order was issued three months ago.

In *Davis v. Social Security Administration*, Docket No. 6:09-cv-00607, the Clerk of Court issued a Notice of Intent to dismiss on September 8, 2009 for Ms. Nixon's Failure to effect service within 120 days.  No action has been taken since that time.

These are just some examples of Ms. Nixon's failure to comply with the deadlines of this Court.  In *Johnny Menard v. Commissioner of Social Security*, Docket No. 03-2160, Magistrate Judge Methvin ordered Ms. Nixon to show cause why she should not be suspended or disbarred from practice in the Western District of Louisiana and reported to the state bar association for her repeated failures to comply with this Court orders.  [rec. doc. 14].  Within that order, Judge Methvin cited  numerous incidents in which Ms. Nixon had failed to comply with this Court's orders.  Judge Methvin ordered that Ms. Nixon be put on "probation" for a year to timely file pleadings, and cautioned that any violation of her order "will result in the issuance of a report by the undersigned recommending that Ms. Nixon be disbarred or suspended from practicing law in this district."

As indicated by the repeated violations in this Court since Judge Methvin issued the Order in *Menard*, Ms. Nixon has continued to show a pattern of failing to timely file pleadings or filing deficient pleadings. On at least one occasion, her dilatory actions resulted in her client's case being terminated; the Report and Recommendation in this case, dismissing the action, remains pending. The undersigned finds this absolutely unprofessional and unacceptable.

### *Disciplinary Action*

As the foregoing summary shows, Ms. Nixon has consistently failed to comply with court orders despite numerous show cause hearings, orders threatening dismissal for failure to prosecute, and actual dismissal of one case for failure to prosecute. Further, Ms. Nixon's behavior appears to have violated the Rules of Professional Conduct of the Louisiana State Bar Association, as adopted by this court, which require lawyers to act "with reasonable diligence and promptness in representing a client." *See* Rule 1.3 of the Rules of Professional Conduct and L.R. 83.2.4W.

In this particular case, plaintiff's counsel disobeyed two consecutive orders of this Court: (1) to file a return of service on the Summons, and (2) to appear in Court for the show cause hearing. Counsel neither contacted the court by telephone nor in writing to explain her lack of diligence in prosecuting this case. She has utterly failed to provide any excuse for her behavior. The undersigned is extremely reluctant to take this action, but counsel has left the undersigned no other choice.

Accordingly, **IT IS RECOMMENDED** that Ms. Nixon be sanctioned in the amount of $1,000 for her disobedience with this Court's orders.

**IT IS FURTHER RECOMMENDED** that Ms. Nixon be ordered to show cause why she should not be suspended or disbarred from practice in the Western District of Louisiana and reported to the Office of the Disciplinary Counsel, Louisiana Bar Association.

**IT IS FURTHER ORDERED** that the Clerk shall provide a copy of this report to all district and magistrate judges in the Western District of Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON**

**GROUNDS OF PLAIN ERROR.** *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).

Signed at Lafayette, Louisiana on September 24, 2009.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE